IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN PUENTES,

    Plaintiff,

v.

COUNTY OF SAN MATEO, ET AL,

    Defendants.

No. C 11-02511 SI

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants' motion for summary judgment, or in the alternative to dismiss, is currently set for hearing on September 9, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS defendants' motion.

**BACKGROUND**

Benjamin Puentes, acting *pro se*, brought this lawsuit against the County of San Mateo ("San Mateo") and six individual probation officers and supervisors ("probation officers") employed by San Mateo. Mr. Puentes was a Santa Clara County probation officer who was convicted of the misdemeanor offense of contributing to the delinquency of a minor. *See* Declaration of Janis C. Martin, ¶ 5; *see also People v. Puentes*, 2007 Cal. App. Unpub. LEXIS 2640, *1-2 (Cal. App. 6th Dist. 2007).[1] In light of

---

[1] Plaintiff was also charged with felony sexual intercourse with a minor more than three years younger than himself (Pen. Code, § 261.5, subd. (c)). In his first trial, the jury deadlocked on both charges and a mistrial was declared. *People v. Puentes*, 2007 Cal. App. Unpub. LEXIS 2640, *16. In his second trial, the jury deadlocked on the felony count, but convicted plaintiff on the misdemeanor. *Id.* A mistrial was declared on the felony count, and the prosecution timely moved to dismiss the felony count. *People v. Puentes,* 190 Cal. App. 4th 1480, 1483 (Cal. App. 2010).

the conflict, the Santa Clara County probation office asked the San Mateo County probation office to compile a Pre-Sentence Report ("PSR") on Mr. Puentes for use by the Santa Clara Superior Court in sentencing Mr. Puentes and determining terms of probation. Martin Decl., ¶¶ 4-6.[2] In June 2005, defendant Martin issued a PSR on plaintiff ("Martin PSR"). Martin Decl., ¶ 6, & Ex. A; Complaint, ¶ 16. Plaintiff alleges the report was "knowingly and intentionally falsified" and "unnecessary" and that the report was approved by defendant Perry. Complaint, ¶ 17; Declaration of Rosalia A. Carpio, ¶ 8. The Martin PSR was used by the Santa Clara Superior Court in determining plaintiff's sentence. *Id.*, ¶ 18. Plaintiff appealed his misdemeanor conviction, and it was overturned by the California Court of Appeal for instructional error at trial. *People v. Puentes*, 2007 Cal. App. Unpub. LEXIS 2640.

On remand, the Superior Court found insufficient evidence to hold defendant for the misdemeanor charge, but allowed the prosecution to proceed with the reinstated felony count. *Puentes*, 190 Cal. App. 4th at 1483. Plaintiff was convicted of the felony charge. *Id*. Again, because of the conflict, the San Mateo probation office was asked to prepare a PSR. In July 2009, defendant Di Mauro prepared a PSR and submitted it for use by the Santa Clara Superior Court ("Di Mauro PSR"). Declaration of Jody L. Di Mauro, ¶¶ 6-7; Complaint ¶ 20. The Superior Court suspended imposition of sentence and placed defendant on felony probation for three years. *Puentes*, 190 Cal. App. 4th at 1482. Plaintiff appealed the conviction. *Id*. Plaintiff alleges that the PSR was unnecessary and fraudulent because it was based on the felony charge that was dismissed and unconstitutionally re-filed. Complaint, ¶¶ 22, 23. Plaintiff also alleges that the Di Mauro PSR was approved by defendant Carpio. Complaint, ¶ 21; Carpio Decl., ¶ 9.

In addition to the creation of the PSRs, defendant complains that defendant Montoya "illegally forced an intake interview" in November 2009, which duplicated the malicious harassment he had already suffered. Complaint, ¶ 27. Plaintiff complains that defendants harassed plaintiff by creating a "probation file" consisting of stringent probation conditions. *Id*., ¶28. Plaintiff also complains that in September 2010, defendant Melendy returned plaintiff's "fraudulent probation file" along with an

---

[2] The defendants explain that in cases of conflict, *e.g.*, where a current or former employee of a county's probation office is convicted of a crime, the county will request a neighboring county to handle the investigation and PSR for use by the sentencing court. *See, e.g.*, Martin Decl., ¶4.

inaccurate and exaggerated report to Santa Clara County, "knowing it would result in more false imprisonment and harassment before the second appeal was decided." *Id.*, ¶ 29.

In December 2010, the California Court of Appeals reversed plaintiff's felony conviction for vindictive prosecution, and dismissed the felony charge. *Puentes*, 190 Cal. App. 4th at 1482-83. Plaintiff filed this case in May 2011, and asserts seven causes of action: (1) conspiracy in violation of 41 U.S.C. § 1985 and 18 U.S.C. § 241; (2) malicious abuse of process; (3) aiding and abetting violation of constitutional rights; (4) extortion in violation of California Penal Code § 518; (5) "neglecting to prevent" a violation of constitutional rights under 42 U.S.C. § 1986; (6) double jeopardy under the California Constitution; and (7) fraud in violation of California Penal Code §§ 118.1, 134 and 153 and constitutional rights.

The County has moved for summary judgment or in the alternative to dismiss, arguing that defendants are entitled to absolute judicial immunity and plaintiff fails to state a claim. Plaintiff opposes the motion, arguing that he was "never supposed to be on probation" and defendants were supposed to prevent Santa Clara County from the vindictive prosecution of defendant in 2009. *See* Opposition at 2-3.

**LEGAL STANDARD**

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574,

1 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be
2 evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty*
3 *Lobby, Inc.*, 477 U.S. 242, 252 (1986).

4 In deciding a summary judgment motion, the court must view the evidence in the light most
5 favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255.
6 "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from
7 the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id*.
8 However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise
9 genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d
10 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. Rule
11 56(c)(2).

## DISCUSSION

**I. Immunity of Defendants for Conduct Which Plaintiff Alleges Violated his Constitutional Rights**

The Ninth Circuit has held that probation officers are immune from liability for damages under 28 U.S.C. § 1983, when acting within the scope of their employment. *See Demoran v.* Witt, 781 F.2d 155 (9th Cir. 1985).[3] In *Demoran*, the plaintiff complained that a state probation officer, with malice and in bad faith, prepared a probation report containing deliberately false statements and that, as a result, Demoran received an improperly long sentence. *Id*., at 156. The Court held that probation officers are entitled to absolute judicial immunity for their acts in aid of the judicial process. The Ninth Circuit noted that "[p]robation officers preparing presentencing reports serve a function integral to the independent judicial process. . . they act as 'an arm of the sentencing judge.'" *Demoran*, 781 F.2d at 157 (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 204 (1985)).

In this case, both defendants Martin and Di Mauro – as well as their supervisors who approved the PSRs – were engaged in acts in aid of the judicial process in preparing and submitting the PSRs and

---

[3] Plaintiff's prayer for relief makes clear that he is seeking only damages from the individual defendants. Complaint, ¶ 53.

are entitled to absolute immunity for damage suits under Section 1983.[4] The Court notes that the complaint does not provide any facts explaining why either PSR was false or fraudulent. In his Opposition, plaintiff complains that the Martin PSR was false because it appeared to assert plaintiff was convicted of the felony in his second trial and that plaintiff should be required to register as a sex offender, Opposition at 3-4, and that Di Mauro should have noted in her report that plaintiff's misdemeanor conviction had been reversed. *Id*., at 4. However, if there were inaccuracies in the Martin or Di Mauro PSRs – and this Court is not finding there were – plaintiff could have and should have raised these issues with the Santa Clara Superior Court judges who sentenced him. The sentencing judge is the person who has the final say on what sentence and terms of probation, if any, should be imposed. As noted above, the probation officers who provide recommendations and background information for the judge's use are immune from suit under Section 1983.

Plaintiff also alleges that defendants violated his rights by forcing an intake interview, Complaint ¶ 27, compiling a "probation file" with stringent conditions of probation, *id*., ¶ 28, and returning the probation file to Santa Clara County. *Id.*, ¶ 29. With respect to the November 2009 intake interview, the Court finds that the routine intake interview was directly required by the fact that the Court sentenced plaintiff to probation. In other words, intake was a necessary first step following the imposition of probation by the Court. *See* Melendy Decl., ¶ 8. As such, the Court finds the holding of the intake interview here to be shielded by absolute judicial immunity.[5] Similarly, with respect to the compiling of the probation file containing his "probation conditions," the terms of plaintiff's probation were determined by the sentencing judge not by probation officers in San Mateo. As such, the fact that the probation officers kept track of the conditions is an act protected by judicial immunity under *Demoran*.

Whether the actions of defendant Melendy in returning plaintiff's file to Santa Clara County with

---

[4] Plaintiff's complaint does not explicitly invoke Section 1983. However, plaintiff's First, Second, Third, Fifth, and Seventh causes of action complain of conduct that violated plaintiff's federal constitutional rights. As Section 1983 provide the private right of action for violations of federal constitutional rights, the Court analyzes those claims through Section 1983.

[5] The Court notes that plaintiff does not complain that anything improper occurred during the intake interview, only that the interview occurred.

5

a recommendation that plaintiff be cited for a probation violation are entitled to absolute judicial immunity presents a closer question. *See, e.g., Davis v. Spier*, 2008 U.S. Dist. LEXIS 33231 (D. Ariz. Apr. 14, 2008) (reviewing probation officers' roles under Arizona law and determining that a probation officer's investigation and decision to petition a judge to revoke probation were protected only by qualified immunity). The Court need not reach the question of what level of immunity applies to Melendy's acts because the Court finds that Melendy's actions are protected under qualified immunity as a matter of law. "[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In this case, plaintiff's basic complaint is that he should not have been on parole because Santa Clara retaliated against him by vindictively prosecuting the felony conviction that had been dismissed. *See* Opposition at 3, 5. Plaintiff alleges that the San Mateo County defendants approved of and cooperated in this retaliation. *Id.*, at 5. However, based on the evidence submitted by defendant Melendy – which plaintiff does not contest or contradict – the Court finds that officer Melendy's conduct did not violate clearly established statutory or constitutional rights of which a reasonable person should have known. While plaintiff accuses Melendy of having returned plaintiff's file with an "exaggerated unnecessary report" back to Santa Clara, plaintiff does not cite to any fact in Melendy's report that was exaggerated or false. *See* Ex. F to Declaration of Laura Melendy Decl. Plaintiff also alleges that Melendy returned the report, "knowing that it would result in more false imprisonment and harassment before the second appeal was decided." Complaint, ¶ 29. However, plaintiff's appeal was still pending when Melendy returned her recommendation that plaintiff be cited for a probation violation. No reasonable person or reasonable probation officer would have known that plaintiff's felony conviction would be overturned. Similarly, it is not reasonable to require that probation officers refrain from conducting their mandatory and discretionary duties simply because a probationer has appealed his or her underlying conviction.

Moreover, the County cannot be held liable on a respondeat superior theory for any of the acts discussed above. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where

6

official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *Id.*, 436 U.S. at 691. With respect to the County's actions, the complaint is devoid of any facts apart from the acts of the individual defendant probation officers. Instead, the complaint asserts that the County should be liable for its enforcement of the probation officers' policies and for the failure to properly train and supervise the probation officers. Complaint, ¶ 5.

To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that the policy amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy was the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). Here, there are no facts alleged in the complaint or evidence provided by declaration opposing the motion for summary judgment that San Mateo County has a policy or practice of encouraging false probation reports or any other conduct that could sustain a claim of violation of plaintiff's constitutional rights against the County.

As such, summary judgment must be GRANTED to defendants on plaintiff's First Cause of Action for conspiracy[6]; Second Cause of Action for abuse of process; Third Cause of Action for aiding and abetting; and Fifth Cause of Action for neglecting to prevent a civil rights violation, which are all based on alleged violations of plaintiff's federal constitutional rights.[7]

---

[6] In his First Cause of Action, plaintiff also alleges a violation of 18 U.S.C. § 241, which makes it a crime to conspire to deprive a person of his constitutional right. However, there is no basis for civil liability under this section. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

[7] Plaintiff's seventh cause of action for fraud is likewise dismissed to the extent it relies on violations of plaintiff's federal constitutional rights under the 4th, 5th, 6th, 8th and 14th Amendments. *See* Complaint, ¶ 50.

### II. Plaintiff's State Law Claims

In addition to the claims for violation of his federal constitutional rights, plaintiff has also alleged state law causes of action for extortion under California Penal Code § 518; double jeopardy under the California Constitution; and fraud under California Penal Code §§ 118.1, 134 and 153. With respect to plaintiff's claim for double jeopardy, it cannot be maintained against the probation officers or San Mateo. Plaintiff complains about being denied bail, being falsely imprisoned, and being unlawfully placed on probation pending his second appeal. Complaint, ¶ 48. However, these are all consequences of actions taken by the Santa Clara County Superior Court. The Superior Court is responsible for granting bail, responsible for sending someone to jail, and responsible for placing someone on probation.

Plaintiff's claim for extortion and fraud are barred by plaintiff's failure to comply with the California Tort Claims Act. Prior to instituting an action seeking money damages from a county or a government employee acting within the scope of her employment, a claimant must file a written claim. *See* Cal. Govt. Code §§ 945.4, 950.1. Defendants raised this argument in their motion, but plaintiff did not respond or submit any evidence that a claim has been filed. Because there is no evidence that plaintiff has filed a claim with the County of San Mateo, these claims are barred. *See State of California v. Superior Court*, 32 Cal. 4th 1234 (Cal. 2004); *see also Fowler v. Howell*, 42 Cal. App. 4th 1746, 1751 (Cal. App. 1996) (dismissing malicious prosecution action against co-worker for failure to file California Tort Act claim).

### CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment. The plaintiff cannot state a claim for damages against the individual defendants or a claim for damages or other relief against the County.

**IT IS SO ORDERED.**

Dated: September 8, 2011

SUSAN ILLSTON
United States District Judge